793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK MEHOLOVITCH, Petitioner,
v.
OGLEBAY NORTON COMPANY, Employer,
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs, Respondents.
 85-3485
 United States Court of Appeals, Sixth Circuit.
 5/9/86
 
 AFFIRMED
 Ben.Rev.Bd.
 ON PETITION for Review of a Decision of the Benefits Review Board
 Before: KENNEDY and MILBURN, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Claimant Frank Meholovitch appeals from the decision of the United States Department of Labor Benefits Review Board affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. On March 15, 1979 the Department of Labor, Workers' Compensation Programs made an initial finding that claimant was entitled to benefits. The finding was confirmed after informal conference on November 27, 1979, and benefits were to be augmented on behalf of claimant's dependent wife Mary Meholovitch. The responsible operator, Saginaw Mining Co., a wholly-owned subsidiary of Oglebay Norton Co., opposed the finding, and the case was referred to the Office of Administrative Law Judges by the Director, Office of Workers' Compensation Programs, for a formal hearing. The hearing was held in Wheeling, West Virginia on April 7, 1981, before Administrative Law Judge ('ALJ') Harmon D. Maxson. Before issuing a decision, Judge Maxson left the Office of Administrative Law Judges. A new ALJ was assigned to the case, Tom M. Allen, who issued decisions denying claimant's request for a de novo hearing and denying benefits. The appeal to the Board followed. The decision of the ALJ must be affirmed if it is supported by substantial evidence on the record. 33 U.S.C. Sec. 921(b)(3).
 
 
 2
 Under the Act benefits are awardable to persons who are totally disabled within the meaning of the Act due to pneumoconiosis, a dust disease of the lungs arising from coal mine employment (commonly known as 'black lung'). The ALJ held that as claimant had at least ten years of coal mine employment he was entitled to the interim presumption described in 20 C.F.R. Sec. 727.203, stating that he is totally disabled due to pneumoconiosis, if he meets any one of the criteria set forth in subsection (a)(1) through (a)(4) of that section.[1]
 
 
 3
 The four criteria are chest x-ray results, ventilatory study results, blood gas study results, or other medical evidence establishing the presence of a totally disabling respiratory or pulmonary impairment. The ALJ found that no x-ray studies showing pneumoconiosis were submitted into evidence. He found that although three ventilatory studies were submitted showing pulmonary function values low enough to establish a presumption of disability, two of the studies were accompanied by narrative reports by doctors which he interpreted as finding no evidence of pneumoconiosis. Furthermore, one of the studies did not meet the paper flow requirements in two of the three tracings. The other study got only a 'fair effort' rating by the administering doctor. The ALJ invalidated the third study because in the course of it only two attempts were made rather than the suggested three. 20 C.F.R. Sec. 410.430. Th% alj/ found that the only blood gas study submitted was normal. He finally found that nowhere in the evidence was there a documented report by a physician establishing the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 4
 Claimant's principal argument is that the ALJ erred in failing to invoke the interim presumption on the basis of the ventilatory studies of record. We agree that an ALJ may not consider the narrative opinions of the physicians who performed the ventilatory studies in determining whether the presumption is invoked. Under the regulation at issue, if the medical requirements of one method of invocation are satisfied, the presumption is invoked, regardless of other medical evidence of record relevant to other methods of invocation. Bridges v. Director, 4 B.L.R. 1-631, 634 (1982); Wise v. Peabody Coal Co., 3 B.L.R. 1-119, 124 (1981). The ALJ, however, alternatively held that the evidence of record taken as a whole rebuts the interim presumption. 20 C.F.R. Sec. 727.203(b)(4). The ALJ found that the evidence taken as a whole is devoid of a showing of total disability due to pneumoconiosis. The narrative reports of Drs. Pandian and Kress, along with the negative x-rays, constitute substantial evidence to affirm the ALJ's denial of benefits. We find it unnecessary to consider whether the quality problems the ALJ cites are alone sufficient to invalidate the studies for the purpose of invoking the presumption.
 
 
 5
 Claimant also charges error in the ALJ's denial of his request for a de novo hearing. A new hearing is generally not required unless witness credibility is crucial to the resolution of the case. See Strantz v. Director, 3 B.L.R. 1-431 (1981). As the sole substantive issue in this case was determinable upon documentary evidence, we find no error here. Finally, claimant argues that he was prejudiced by the delay caused by the change of judges in this case. We find no merit in this argument. Claimant specifically complains that in the interim new cases were decided which adversely affected the outcome of his case. We agree with the Board that he has failed to show how the new case law had any effect on the ALJ's decision, especially where the ALJ did not cite any of these new cases.
 
 
 6
 For the foregoing reasons, we affirm the decision of the Labor Benefits Review Board affirming the ALJ's denial of claimant's request for a de novo hearing and for black lung benefits.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The ALJ noted that the employer contested the application of Sec. 727.203 to this case. The ALJ declined to rule on this issue, and, in light of the disposition this Court reaches, so do we